## COMMONWEALTH *vs.* ISAAC H. HUDSON.

An acquittal of a charge of being a common seller of intoxicating liquors from a certain day to a certain other day is no bar to a prosecution for a single unlawful sale of intoxicating liquors on a day between those two.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for an unlawful sale of intoxicating liquor to Patrick Hogan on the 26th of June 1858. The defendant pleaded the general issue.

At the trial in the court of common pleas in Hampden at December term 1858, the evidence was that the sale was on said 26th of June. After all the evidence for the Commonwealth had been introduced, the defendant offered in evidence a copy of a record of his acquittal before a justice of the peace, upon a complaint for being a common seller from the 25th of May 1858 to the 9th of July 1858 ; and also offered to prove that the same evidence of sale was given before the justice of the peace as upon this trial ; and relied on this evidence in bar of this indictment. But *Aiken,* J. excluded the evidence ; and the defendant, being found guilty, alleged exceptions.

*E. W. Bond,* for the defendant, cited *Commonwealth* v. *Goddard,* 13 Mass. 455 ; *Commonwealth* v. *Jenks,* 1 Gray, 491 ; *Commonwealth* v. *Keefe,* 7 Gray, 332 ; 3 Greenl. Ev. § 36.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. The usual mode for a defendant to avail himself of a former acquittal is to plead it in bar. Whether the court excluded this evidence because not thus pleaded in bar, or for the more general reason that the facts shown by the record would constitute no defence, does not distinctly appear. But we have not found it necessary to consider the question of pleading, being satisfied that, if duly pleaded, the fact would not be a bar to the present conviction.

It is true that the court has held that a conviction on a charge of being a common seller of spirituous liquors from a certain day named to a certain other day and a conviction thereon, is a bar to a subsequent prosecution for a single sale within the period named in the charge of being a common seller. In

such case, the government have had a conviction for an offence, which, if established by a verdict and judgment thereon, is a merger of all the single sales within the period named in the indictment.

The question then arises whether the like effect follows in case of an acquittal upon such charge of being a common seller. In the opinion of the court it does not. Such acquittal is entirely consistent with the fact having been shown of one or two single sales by the defendant, but a failure to show a third sale, or evidence sufficient to convict of the offence of being a common seller. The party may therefore have been properly acquitted of ' the larger offence, while he was guilty of the minor one, of a single sale. Nor does it vary the result, that this single sale may have been in evidence before the tribunal that heard and determined the alleged offence of being a common seller, inasmuch as, for the reasons already suggested, such acquittal for want of proof of being a common seller has no tendency to show that the proof was not full and satisfactory of this single sale. The acquittal of being a common seller was therefore no acquittal of this single sale for which the party has now been convicted.          *Exceptions overruled.*